IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ALEJANDRA HERRERA,** | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | No. EP-16-CV-00176-ATB |
| | § | |
| | § | |
| **NANCY A. BERRYHILL,**[1] | § | |
| **Acting Commissioner of the** | § | |
| **Social Security Administration,** | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the Court orders that the Commissioner's decision be **AFFIRMED**.

### I.   PROCEDURAL HISTORY

On October 25, 2013, Plaintiff filed an application for DIB and SSI, alleging a disability onset date of August 20, 2013. (R. 182-197). Her applications were denied initially and denied

---

[1]   Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

No. 16-CV-00176-ATB                 1

upon reconsideration. (R. 103-110, 113-118). Plaintiff then filed a request for a hearing, which was held on October 6, 2015. (R. 32-50, 124-125). The Administrative Law Judge ("ALJ") issued a decision on December 24, 2015, denying benefits. (R. 16-27). Subsequently, the Appeals Council denied review. (R. 1-4). Therefore, the ALJ's decision stands as the final decision of the Commissioner.

## II.   ISSUES

Plaintiff presents the following issues for review:

(1) Whether the ALJ's erred [sic] in finding no severe mental impairment warranting remand.

(2) Whether the ALJ's [Residual Functional Capacity] ("RFC") is supported by substantial evidence.

(ECF. No. 20, p. 2).

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ improperly found that Plaintiff's mental impairment was not severe and the ALJ's RFC determination failed to accommodate all the objective medical evidence. (ECF. No. 20, p. 5-10). Specifically, Plaintiff claims that: (1) the objective medical evidence indicates that Plaintiff's mental impairment is severe; (2) the ALJ failed to include an accommodation for Plaintiff's cane use in calculating Plaintiff's RFC; and (3) Plaintiff is unable to perform a full range of "light work" as adjudicated by the ALJ. (ECF. No. 20, p. 5-10). Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (ECF. No. 20, p. 10).

### III.   DISCUSSION

A.   **Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

B.   **Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant

work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had the severe impairments of osteoarthritis of the left knee and obesity; and found that Plaintiff's mental impairment of depression was not severe. (R. 18-23). Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments. (R. 23). After considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform a full range of light work.[2] (R. 23-27). The ALJ then determined that Plaintiff was capable of performing her past relevant work as a data entry clerk and a customer service representative. (R. 27). Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision. (R. 27).

**C.    Analysis**

    **1.    The ALJ's Finding that Plaintiff's Mental Impairment is Not Severe**

Plaintiff contends that the ALJ improperly found that Plaintiff's mental impairment was not severe. (ECF. No. 20, p. 3-5). Specifically, Plaintiff points to the opinions of state agency psychiatrist Dr. Jim Cox, examining psychiatrist Dr. James Schutte, the assessments of Plaintiff's major depressive disorder by Emergence Health Network, and the opinion of treating physician Dr. Alex Salazar to establish Plaintiff's mental impairment is severe. (ECF. No. 20, p. 4).

---

[2] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").

Defendant responds that the ALJ properly found that Plaintiff's mental impairment was not severe. (ECF. No. 21, p. 4-7). Specifically, Defendant contends that the weight of the medical evidence demonstrates that Plaintiff's mental impairment causes no more than a "mild" effect on Plaintiff's ability to work. (ECF. No. 21, p. 4-7).

At step two, the claimant bears the burden of showing that she has a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. The step two requirement that the claimant have a severe impairment is generally considered to be "a *de minimis* screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987)). "[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984) (per curiam)).

However, even if an impairment is found not severe at step two, the ALJ must still "consider the limiting effects of all [a claimant's] impairment(s), even those that are not severe, in determining [the claimant's RFC]." 20 C.F.R. §§ 404.1545(e), 416.945(e); *see also* 20 C.F.R. § 404.1523; *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (The ALJ must "consider the combined effects of all impairments, without regard to whether any such impairment, if considered separately, would be of sufficient severity."). Nonetheless, "[n]on-severe impairments which result in no functional limitations [need not] be included in the RFC." *Richardson v. Colvin*, 2015 U.S. Dist. LEXIS 334, at *5 (N.D. Okla. 2015); *Presnell v. Colvin*, 2013 U.S. Dist. LEXIS 114172, at *12 (W.D.N.C. 2013) (affirming the denial of benefits where

the ALJ found that Plaintiff's depression and PTSD were not severe and did not pose functional limitations which would impact Plaintiff's RFC); *Gipson v. Colvin*, 2013 U.S. Dist. LEXIS 158794, at *31 (S.D. Tex. 2013) ("Given the minimal limitations resulting from his allegations of depression, [Plaintiff] has not shown the outcome of the proceeding would have been different had the ALJ with great specificity addressed [his] depression in formulating [Plaintiff's] RFC."); *see also* SSR 96-8p ("When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity.").

The Court finds that substantial evidence supports the ALJ's decision that Plaintiff's mental impairment is not severe. First, the Court agrees with Defendant that the majority of Plaintiff's treating sources reported either that Plaintiff's mental functions were within normal range, that Plaintiff's mental limitations were relatively benign, or that Plaintiff denied any mental symptoms. (R. 345, 357, 395, 433, 440, 465-466, 470-471, 475, 480, 484, 629-630). Likewise, on January 15, 2015, treating psychiatrist Dr. Michele Wang noted that Plaintiff: (1) was cooperative and fully oriented; (2) had clear and coherent speech; (3) had coherent thought processes; (4) had normal thought content; (5) had normal attention and concentration; (6) had normal psychomotor activity; (7) had grossly intact cognition; (8) had fair insight; (9) had good intellectual functioning; and (10) had normal memory. (R. 569-570). On April 8, 2015 and June 26, 2015, Dr. Wang continued to note that many of Plaintiff's mental functions were within normal range and that her cognition was grossly intact. (R. 541-542, 549-550). As a treating specialist, Dr. Wang's opinions and observations are entitled to great weight. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). As such, the Court finds that the observations of Plaintiff's

treating sources and Dr. Wang's opinions provide substantial evidence to support the ALJ's determination that Plaintiff's mental impairment causes no more than a minimal effect on Plaintiff such that it is not expected to interfere with her ability to work.

Second, Plaintiff self-reported that she had "no problems" tending to her personal care, preparing simple meals, performing household chores, handling money, remembering, completing tasks, concentrating, understanding, following instructions, and getting along with others. (R. 240-242, 244). Moreover, in Plaintiff's Function Report, Plaintiff did not note that her depression had any impact on her ability to work. (R. 239). Plaintiff also indicated that she was able to assist with the care of her sister's children. (R. 555). Consequently, the Court finds that Plaintiff's self-reporting provides substantial evidence to support the ALJ's determination that Plaintiff's mental impairment causes no more than a minimal effect on Plaintiff such that it is not expected to interfere with her ability to work.

Third, on November 29, 2014, Plaintiff's Physician Assistant Chantelle Powell noted that Plaintiff had no memory impairment, that Plaintiff was fully oriented, and observed that Plaintiff's depression was "stable." (R. 630). However, Ms. Powell prescribed medication for Plaintiff's anxiety. (R. 630). In Plaintiff's December 20, 2014 follow up, while Ms. Powell, again, noted that Plaintiff's depression was "stable," she failed to note that Plaintiff currently suffered from anxiety. (R. 626). Likewise, on January 15, 2015, Dr. Wang diagnosed Plaintiff with major depression and prescribed medication. (R. 571, 573). One month later on February 10, 2015, Plaintiff noted that her mood had improved, that she had "much less" anxiety, that she felt much more relaxed, was able to assist with the care of her sister's children, that she was able to concentrate better, and that she was able to read. (R. 555). An impairment that is reasonably controlled with medication or therapy cannot serve as the basis of a disability finding. *Johnson*

*v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988) (per curiam) (citing 20 C.F.R. §§ 404.1530, 416.930; *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987)). As such, the Court finds that Plaintiff's control of her mental impairment with medication provides substantial evidence to support the ALJ's determination that Plaintiff's mental impairment causes no more than a minimal effect on Plaintiff such that it is not expected to interfere with her ability to work.

In sum, Plaintiff's treating sources, Dr. Michele Wang, Plaintiff's self-reporting, and Plaintiff's control of her mental impairment with medication all provide substantial evidence to support the ALJ's conclusion that Plaintiff's mental impairment does not result in functional limitations. Accordingly, the ALJ properly omitted them from Plaintiff's RFC. *Richardson*, 2015 U.S. Dist. LEXIS 334, at *5; *Presnell*, 2013 U.S. Dist. LEXIS 114172, at *12; *Gipson v. Colvin*, 2013 U.S. Dist. LEXIS 158794, at *31.

To the extent that Plaintiff points to the allegedly conflicting opinions of Dr. Cox, Dr. Schutte, Emergence Health Network, and Dr. Salazar, this argument is misplaced. Regarding Emergence Health Network's finding that Plaintiff had a GAF score of 50, "[a] GAF score does not represent a medical opinion regarding any specific limitations assigned to a plaintiff's mental impairment. Neither does a GAF score directly correlate to an individual's ability to work, and 'is not determinative of a disability.'" *Fogle v. Comm'r of SSA*, 2014 U.S. Dist. LEXIS 2915, at *8-9 (E.D. Tex. 2014) (citing cases); *see Hill v. Astrue*, 2009 U.S. Dist. LEXIS 78606, at *20 (S.D. Tex. 2009) ("[P]laintiff's GAF score is not evidence of a severe impairment that precludes him from working."). Accordingly, the Court finds that Plaintiff's GAF score, standing alone, is not indicative regarding whether Plaintiff's mental impairment is severe.

Moreover, although arguing that their opinions indicate that Plaintiff's mental impairments are severe, Plaintiff does not contend that the ALJ improperly discounted the

opinions of Dr. Cox, Dr. Schutte, Dr. Salazar, or physicians from Emergence Health Network. As such, this argument is waived. *Dashti v. Astrue*, 2012 U.S. Dist. LEXIS 64996, at *12 (N.D. Tex. 2012) (citing *Perez v. Barnhart*, 415 F.3d 457, 462 n.4 (5th Cir. 2005) (holding that inadequately briefed arguments are waived)); *see also Simmons v. Astrue*, 2011 U.S. Dist. LEXIS 34603, at *18 (N.D. Tex. 2011) ("by not raising the issue in his initial [Social Security Appeal] brief, Plaintiff has, effectively waived it."); *Kenny v. Colvin*, 2016 U.S. Dist. LEXIS 46728, at *15 (W.D. Tex. 2016) (same). Similarly, to the extent that Plaintiff points to these physicians to establish that the record supports greater functional limitations, the Court will not reweigh the evidence. *Muse v. Sullivan,* 925 F.2d 785, 790 (5th Cir. 1991). Indeed, "conflicts in the evidence are for the Commissioner and not the courts to resolve." *Masterson*, 309 F.3d at 272 (citation omitted). Accordingly, as noted above, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff's mental impairment is not severe.

### 2. The ALJ's Residual Functional Capacity Determination

Plaintiff contends that substantial evidence does not support the ALJ's RFC determination because: (1) the ALJ failed to accommodate Plaintiff's cane use; and (2) the record indicates that Plaintiff is unable to perform a full range of light work as she is not able to stand/walk for extended periods of time as indicated in the ALJ's RFC determination. (ECF. No. 20, p. 6-10). Plaintiff further argues that the ALJ's allegedly faulty RFC determination taints the remaining steps of the sequential evaluation process. (ECF. No. 20, p. 10). Defendant responds that the ALJ did account for Plaintiff's purported cane use but found that the objective medical evidence did not support Plaintiff's claim of the necessity of the cane. (ECF. No. 21, p. 8-9). Defendant further responds that Plaintiff seeks reversal of her RFC determination based solely on her subjective reports of functional limitations and that Plaintiff's diagnostic test results,

examination findings, and treatment records support the ALJ's RFC determination. (ECF. No. 21, p. 9-10).

Residual functional capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 C.F.R. §404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his or her physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are not severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 n.1 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his or her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

First, the Court agrees with Defendant that Plaintiff's claims of cane use are entirely based on subjective complaints. The only citations contained in Plaintiff's brief regarding her cane use are to Plaintiff's own subjective reporting. (ECF. No. 20, p. 8) (citing R. 40, 245). Plaintiff identifies no medical evidence in the record that supports her need to utilize a cane.

Therefore, the Court finds that Plaintiff fails to meet her burden to identify medical evidence of her impairment. *See Franklin v. Astrue*, 2012 U.S. Dist. LEXIS 115051, at *36 (E.D. Mo. 2012) (finding that, without medical evidence of a cane use limitation, a Plaintiff fails to meet their burden of establishing a physical impairment). Moreover, as discussed below, the ALJ noted Plaintiff's purported cane use and extensively discussed the objective medical evidence which demonstrated that Plaintiff did not require a cane to ambulate. (*See* R. 25-28). Accordingly, substantial evidence supports the ALJ's decision to omit Plaintiff's cane use from her RFC.

Second, the Court finds that substantial evidence supports the ALJ's RFC determination that Plaintiff is capable of performing a full range of "light work." On November 6, 2013, orthopedic specialist Dr. Enes Kanlic observed that Plaintiff was able to squat down, had no instability, and had no locking symptoms in her left knee. (R. 323). During this consultation, Dr. Kanlic injected Plaintiff's left knee with 2 milliliters of DepoMedorl. (R. 323). Subsequently, during a February 11, 2014 consultation, Dr. Schutte noted that Plaintiff "ambulated without apparent difficulty, and [she] did not seem to be in any acute physical distress . . . ." (R. 422). Likewise on April 22, 2014, clinicians at the University Medical Center of El Paso noted that Plaintiff ambulated without an assistive device, had a normal range of motion, and transferred between sitting and standing with modified independence. (R. 440-441). Similarly, on June 17, 2014, Plaintiff's primary care physician, Dr. Sergio Alvarado, noted that Plaintiff exhibited a normal and pain-free range of motion and normal valgus and varus stress testing. (R. 466). Although Dr. Alvarado opined that Plaintiff should not stand for long periods of time, he also noted that she could sit and work with restrictions.[3] (R. 481). Again, on

---

[3] Notably, when Dr. Alvarado gave his opinion that Plaintiff was able to work with restrictions, Plaintiff became "upset" and stated that "this will not help [my] disability case." (R. 456, 481).

December 20, 2014, clinicians at the Gateway Clinic observed that Plaintiff's gait and station were normal and that Plaintiff's muscle tone and strength were intact. (R. 625). Similarly, on both April 8, 2015 and June 25, 2015, Emergence Health Network clinicians observed that Plaintiff exhibited good strength and tone in all extremities and walked with a normal gait. (R. 541, 549). Therefore, the Court finds that the objective medical evidence provides substantial evidence to support the ALJ's determination that Plaintiff was capable of performing a full range of light work.

To the extent that Plaintiff points to her own subjective complaints in the record to claim that her RFC is lower than what was adjudicated by the ALJ, this argument is misplaced.[4] First, the ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). Second, the Court will not engage in a reweighing of the evidence. *Masterson*, 309 F.3d at 272 (citation omitted). Rather, as the ALJ considered Plaintiff's left knee pain and obesity, the ALJ took all of Plaintiff's limitations into account when determining Plaintiff's RFC. (R. 23-27). As such, the Court finds that the ALJ's opinion is supported by substantial evidence and free from legal error.

---

[4] Aside from Dr. Alvarado's opinion, which the ALJ discussed at length (R. 25), none of Plaintiff's voluminous citations contain a contradictory functional determination. These citations only indicate that Plaintiff has been treated for left knee pain. (ECF. No. 20, p. 9) (citing R. 18, 320, 322, 323, 325-26, 345, 346, 413, 432-434, 437-442, 456-457, 463, 466, 468, 471, 481, 484, 496-497, 506, 630-631, 636-637, 669, 700, 703, 704, 713-719, 731-732, 735-736, 738-739, 748, 765)).

## IV.    CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** this 13th day of March, 2017.

_____
**ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE**